JOHN COCHRAN, Appellant, *v*. JACOB AMMON, *et ux.*, Appellees.

### APPEAL FROM MARSHALL.

As a general rule, a new trial will not be granted to afford opportunity to impeach a witness, though cases may arise so imperative as to require a relaxing of this rule, to prevent a palpable wrong.

If there are several defendants in an action of trespass, and a new trial is ordered, it must be as to all, and if some are acquitted, it cannot be allowed without their consent.

If persons are sued to prevent their being used as witnesses, or where there is no evidence against them, the court, on motion, after the evidence for plaintiff is closed, will order a finding by the jury, and those who are not guilty, may testify for their co-defendants.

In trespass for an assault and battery, evidence of the pecuniary condition of the plaintiff may be given.

THIS cause was tried before LELAND, Judge, and a jury, at October term, 1854. Verdict and judgment for the plaintiffs in the Circuit Court. The case is stated in the opinion of the Court.

N. H. PURPLE, for Appellant.

RICHMOND and BURNS, for Appellees.

SKINNER, J. This was an action of trespass, brought in the Marshall circuit court, by Ammon and wife, against Cochran and three others, for an assault and battery upon Ammon's wife. The cause was tried by jury.

The jury found Cochran guilty, and assessed the plaintiffs' damages at $475, and found the other defendants not guilty.

Cochran moved for a new trial upon the grounds, that the court allowed evidence of the pecuniary circumstances of the plaintiffs to go to the jury; that Cochran was deprived of the evidence of his co-defendants, and of newly discovered evidence.

The court overruled the motion, and rendered judgment on the verdict.

Did the court err in refusing a new trial?

In support of the motion, Cochran read affidavits of two of his co-defendants, denying the truth of the material portion of the plaintiffs' evidence, and imputing to the principal witness for plaintiffs, perjury in his testimony given on the trial.

Cochran sought a new trial that he might, by his co-defendants, impeach the testimony of this witness.

As a general rule, a new trial will not be granted to afford opportunity of impeaching a witness; though cases may arise, so imperative as to require the interposition of the court to prevent a palpable wrong.

Where there is reason to believe that persons are sued to prevent their being used as witnesses for their co-defendants, or where there is no evidence against them, the court, on motion, after the evidence is closed, will direct a finding by the jury as to such defendants, and if found not guilty, they may testify in the cause for their co-defendants. But if the evidence makes a case against all the defendants, we know of no mode by which they can be used as witnesses for each other.

If there is perjury in the case, the remedy is by indictment for the public wrong. And in this case, from the facts presented, a new trial could be of no avail. If granted as to one, it must as to all, and the case would stand, at the second trial, precisely as it did at the first. Here the motion was made by Cochran only, and the court could not grant a new trial without the consent of his co-defendants, who were acquitted. Bacon's Abridgement, title "Trial," L., page 656; *Barrington's Case,* 3 Salkeld, 362; *Parker et al.* v. *Godin,* 2 Strange, 813; *Sawyer* v. *Merrill,* 10 Pick. 16.

We think the court did not err in permitting evidence of the plaintiffs' pecuniary condition to go to the jury.

In the case of *Groble* v. *Margrave,* 3 Scam. 372, this court held, in an action on the case for seduction of the plaintiff's daughter, that evidence of the pecuniary circumstances in life, of both plaintiff and defendant, was proper for the jury.

Also in the case of *McNamara* v. *King,* 2 Gil. 432, this court held, that in trespass for assault and battery of the plaintiff, this evidence was proper.

But it is contended that there is a distinction, in this respect, between actions where loss of service is the foundation of the action, and actions where the plaintiff sues for an injury to his person, and *this* action, where the husband and wife sue for an injury to the person of the wife.

This supposed distinction is more ideal than real. It is true, that in this action the recovery is not for the loss of the wife's services, for in such case the husband should sue alone ; but it is for an injury done to the *wife*, and that injury consists, not only in the battery of her person, but in the pain of body, or mind, and suffering, naturally consequential upon the battery.

That pain and suffering may be much greater where, from his pecuniary condition, the husband is unable to furnish medical aid, remedies, apartments and nursing, such as ample means would afford, and, therefore, tended to show the extent of the injury to the wife.

Such a distinction would not be found useful in practice, and we think, is not founded in law.

*Judgment affirmed.*