## CHARLES G. PETERS

*v.*

## JOHN J. LAKE.

CRIMINAL CONVERSATION—*evidence of pecuniary condition of parties.* In an action on the case for criminal conversation with the plaintiff's wife, exemplary damages being recoverable, evidence of the pecuniary circumstances of the parties is proper; but where such a case is tried several years after the injury complained of, it is error to admit proof of the plaintiff's bankruptcy at the time of the trial.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Messrs. PILLSBURY & LAWRENCE, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action on the case, brought in the Livingston circuit court, by Lake, against Peters, for criminal conversation with Lake's wife. There was a plea of not guilty, and of accord and satisfaction, on which issue was joined.

On the trial, the court permitted the plaintiff to give evidence of the defendant's pecuniary ability, and that he himself was a bankrupt. There was an objection to this evidence, which the court overruled, and that ruling is now assigned for error.

It is insisted, and some authorities cited tending to support the position, that evidence of the defendant's pecuniary ability is not admissible.

In Sedg. on Dam. 544, it is said: "In actions for criminal conversation, it has been held that the amount of reparation is in no sense to be measured by the defendant's property; and evidence that the defendant is a man of large fortune, is, therefore, inadmissible."

Again, in Greenleaf's Ev. vol. 2, sec. 55: "But it seems that evidence of the defendant's property can not be given, in chief, in order to acquire damages, the true question being, not how much money the defendant is able to pay, but how much damage the plaintiff has sustained."

Both of these authors refer to the case of *James* v. *Biddington*, 6 Car. and P. 587.

Blackstone, in speaking of adultery or criminal conversation, says: "Considered as a civil injury (and surely there can be none greater), the law gives a satisfaction to the husband for it, by action of trespass *vi et armis*, against the adulterer, wherein the damages recovered are usually very large

and exemplary. But these are properly increased and diminished by circumstances; as, the rank and fortune of the plaintiff and defendant; the relation or connection between them; the seduction, or otherwise, of the wife, founded on her previous behavior and character, and the husband's obligation, by settlement or otherwise, to provide for those children which he can not but suspect to be spurious." 3 Bl. Com. 139.

Reeve, in his Dom. Rel. 64, states the nature of the injury, and the remedy, with his usual force and accuracy. "In form," he says, "this is an action of trespass *vi et armis;* but, in substance, it is an action on the case for the seduction of the wife—the alienation of her affections from the husband, and exposing him to shame, ridicule and the hazard of maintaining a spurious issue."

The principle of allowing vindictive or exemplary damages, in certain classes of injuries, is fully recognized in this State.

*Grable* v. *Margrave,* 3 Scam. 372, was an action on the case for seducing plaintiff's daughter. The precise questions were as to the competency of evidence as to the defendant's pecuniary ability, and that tending to show that plaintiff was a poor man. The court said: "In vindictive actions, and this is now regarded as one, the jury are always permitted to give damages for the double purpose of setting an example and of punishing the wrongdoer. For these purposes, proof of the condition in life, and circumstances, as well of the father and his family as of the party committing the injury, is highly proper, and should be given to the jury, and considered by them in estimating the damages."

It was held that the pecuniary ability of the defendant was a proper subject of inquiry, with a view to the question of exemplary damages, and that evidence of the poverty of the plaintiff was admissible, to show the effect of the injury upon the plaintiff, in respect to the loss of service of the daughter and payment of expenses.

*McNamara* v. *King,* 2 Gilm. 432, was trespass for assault and battery; and it was held that evidence of the pecuniary circumstances of the parties was admissible upon the same grounds as in *Grable* v. *Margrave, supra.*

*Cochran* v. *Ammon et ux.* 16 Ill. 316, was trespass for assault and battery committed upon the wife. Evidence of pecuniary circumstances of both parties was admitted, and the question was made that, inasmuch as husband and wife had sued jointly, there could be no recovery for loss of service of wife; hence, evidence as to poverty of plaintiffs could not be admitted upon the ground stated in either of the foregoing cases. But the court held that it was admissible on the ground that pain and suffering, consequent upon the injury, might be much greater where the husband was unable, from poverty, to obtain medical aid, remedies, suitable apartments and nursing, such as ample means would afford; and showing such condition, tended to show the extent of the injury.

*Yundt* v. *Hartrunft,* 41 Ill. 9, was trespass *vi et armis* for seducing and debauching plaintiff's wife. There was no question made as to admissibility of evidence of pecuniary circumstances; but the court held that an instruction telling the jury if they found defendant had taken advantage of a position of confidence, and seduced plaintiff's wife, in his absence from the State, they might give exemplary damages, was right and proper.

If exemplary damages may be given in an action for the seduction of the wife, of which there is no doubt, and the plaintiff may recover for loss of service, if he allege and prove it, we are unable to perceive any distinction, in principle, between this case and that of *Grable* v. *Margrave, supra,* in respect to evidence of pecuniary circumstances of the parties.

This case was tried some years after the injury, and evidence that the plaintiff was a bankrupt at the time of the trial, which the court permitted him to give, was not within any of the grounds upon which such evidence is admissible,

14—66TH ILL.

and the court should have excluded it. This was error, and we think, also, that the court erred in overruling appellant's motion for a new trial. The plea of accord and satisfaction was sustained by the clear weight and preponderance of the evidence, the appellant himself being corroborated by the evidence of three disinterested witnesses, and appellee but faintly denying it.

The judgment will, for the reasons stated, be reversed and the cause remanded.

*Judgment reversed.*