| 79 | 679 |
| 111 | ⁴448 |

## Chicago City Ry. Co. v. George C. Menely.

1. VERDICT—*Where the Court is Warranted in Setting It Aside.*—Where the testimony on the issue of negligence is conflicting and the question fairly submitted to the jury, the verdict on that question must be manifestly against the weight of the evidence to warrant the court in setting it aside.

2. EVIDENCE—*Improper Questions, When Not Reversible Error.*—The question " What are you capable of earning ?" propounded by the court to a plaintiff in a personal injury case, while testifying in his own behalf, is not proper, but under the circumstances of this case is not reversible error.

3. SAME—*Bills for Medical Services.*—In an action for personal injuries, testimony as to the amount paid for " doctor's bills " is proper to be considered by the jury in determining the amount of the verdict.

4. PRACTICE—*Objections to Be Made in the Court Below.*—Where the evidence as to medical services is not supported by testimony showing the bill to be reasonable or for the customary amount charged, the adverse party should move to strike it out or to have it covered by instructions, and not having done so, the right to assign error upon its admission is lost.

5. SAME—*Voluntary Answers to Improper Questions.*—Where a party who, when testifying, is asked an improper question, to which the court sustains an objection made by his counsel, answers notwithstanding the objection, and his answer stands as part of the record, the error, if any, is waived.

6. CONTRIBUTORY NEGLIGENCE—*Whether a Question of Law or Fact.*
—Whether the facts in proof constitute contributory negligence, is a question of law for the court or of fact for the jury, depends upon the circumstances of each particular case.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 24, 1899.

### STATEMENT.

At about three o'clock in the afternoon of December 19, 1894, appellee was riding in what is known as a pie wagon, north on Wabash avenue, in the city of Chicago, and approaching 47th street. Arthur J. Stone was driving. Both men were in the employ of Case & Martin. The wagon was a common pie wagon drawn by two horses. It was open in the back, storm door in the front end, sides inclosed, and arched roof over, and there was an alley through the center, and inside on the sides were built cells to accommodate pie plates. The wagon weighed from 2,500 to 2,700 pounds. The horses' heads were about twenty-two or twenty-three feet from the back of the wagon.

Wabash avenue runs north and south, and 47th street runs east and west. Upon 47th street are two car tracks, one track upon which cars run west, and one track upon which cars run east. The cars run east upon the south track. The cars at that point usually ran at a swift rate of speed, because there, along the line of 47th street, there were not many houses. When the horses had just stepped their front feet on the south crosswalk, the driver, Stone, put his head out of the door to see whether any cars were approaching. At that point the heads of the horses were at about the north line of the walk, and the track was twelve to fifteen feet in front of them. Stone saw the approaching car, noticed that it was going at a pretty swift rate of speed, and locates it at an alley about 175 feet away from the center of Wabash avenue. He did not change the gait he was going at the time he saw the car, and did not look again until after the wagon was struck. The car appeared to him to be going very fast.

Stone says that the horses were going at the rate of about four miles an hour. Menely says that they were going at about six miles an hour.

The cars that ran upon these lines were propelled by electricity under the trolley system. At this time there was approaching on the south track an electric car; it had stopped to take on passengers at State street, one block west of Wabash avenue, and started up again. Two persons besides the driver were standing upon the front platform. At the time the car started up the motorman began sounding his gong and continued to do so till near the point of the accident. The car was seen by the driver while the heads of his horses were twelve feet from the track in question; he knew the car was approaching at a rapid rate of speed, and that it would be necessary for him to travel at least forty feet before the end of his wagon cleared the track upon which the car was coming; he looked out only once to note the conditions, and thereafter paid no attention whatever to his surroundings until after the accident; and all the conditions and surroundings were as evident to him as to the motorman in charge of the car. Menely was thrown out, and was injured in consequence of the accident.

William J. Hynes and Marcus Kavanagh, attorneys for appellant.

William S. Forrest and Benson Landon, attorneys for appellee.

Mr. Justice Horton delivered the opinion of the court.

· The testimony as to the rate of speed of the car, the distance between the car and the wagon when the motorman first saw the wagon, and as to some other points, is quite conflicting. These questions were all fairly submitted to the jury. We can not say that the verdict was so manifestly against the weight of the evidence as to the negligence of the appellant that the court should set it aside.

It is urged by appellant that there were several errors

during the trial. The first which we shall notice is as to a question propounded by the court. When the appellee was on the witness stand, and the question of his damages was being considered, the court asked him this: "What were you capable of earning?" To this question counsel for appellant interposed a general objection. The facts were before the jury as to appellee's employment and duties. His reply to the question of the court was $65 per month. While this question is not proper, yet we are of the opinion that under the circumstances of this case the propounding of this question is not a reversible error.

It is also urged that the court erred in admitting testimony, against objection by appellant, as to the amount paid to the doctor. Appellee, when on the witness stand, was asked how much he paid the doctor. He testified that the doctor's bill was $275, and that he paid it in a note. It is not contended but that this testimony would have been entirely proper if it had also been shown that the amount, as put in appellant's argument, was "reasonable, customary or usual." As a part of the facts necessary to be presented to justify the jury in considering the amount of its verdict, this testimony was proper. If it was not supported by testimony showing that the doctor's bill was reasonable or for the customary or usual amount, the appellant should have moved to strike it out or have covered it by instruction to the jury. Neither was done. There was, therefore, no error at this point. It must not, however, be understood that we hold that a bill presented by a physician must be allowed without being supported by proper testimony, showing it to be reasonable.

Another point urged in behalf of appellant is that an objection was sustained by the court to this question, which was propounded to one of appellee's witnesses, viz.:

"Q. Isn't it true that you were running a gambling house over your saloon?"

A reference to the bill of exceptions shows that the witness answered the question notwithstanding the ruling of the court. That answer stands as a part of the record now before this court. No error is here apparent.

It is submitted by counsel for appellant, in concluding their brief, that the evidence shows that " Stone was at least as much to blame as appellant's motorman, and that therefore the judgment ought to be reversed without a remanding order."

Counsel for appellee, in their argument filed in this court, say : " We concede here, as we did at the trial, that the negligence of Stone, if any, must be attributed to appellee." We therefore give no consideration to that question.

Every one of the twenty instructions asked by appellant was given without modification, except the first one, which was a peremptory order to the jury to find the defendant not guilty, and which was refused. By these instructions given to the jury, the question of negligence by Stone, if any, was fully presented to the jury.

As to what Stone did or did not do, there is no conflict in the testimony pointed out to us, and we have noticed none. As to whether, upon a conceded or undisputed state of facts, the question of whether such facts constitute contributory negligence is one of law for the court, or of fact for the jury, there may be some doubt. That must depend very largely upon the facts and circumstances of each particular case. Wabash Ry. Co. v. Brown, 152 Ill. 484, 488; C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330, 335; C. & A. R. R. Co. v. Swan, 176 Ill. 424, 429.

A majority of this court are of opinion that this question, as well as all other questions now before us, was fully and fairly submitted to the jury, and that its finding should not be disturbed.

The judgment of the Circuit Court is affirmed.