## Chicago City Railway Co. v. Frank Miller.

### Gen. No. 10,847.

1. VERDICT—*when, will be set aside.* The Appellate Court may, where it finds the evidence insufficient to support the verdict, reverse on that account.

2. EXPENSE OF SEEKING CURE—*when competent.* Evidence of the amount expended in seeking to be cured of the effects of a personal injury is not competent unless accompanied by proof of what services were actually rendered and that such amount is reasonable, customary and usual.

3. MOTION TO STRIKE OUT—*when sufficient.* A motion to strike out evidence which is in its nature hearsay and is not supported by a proper foundation, is sufficient to raise the question of the competency of such evidence.

4. REMITTITUR—*when will cure error.* An error in the admission of evidence which could. merely have affected the amount of the verdict may be cured by a remittitur.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed with remittitur. Opinion filed December 18, 1903.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

WESTOVER & CARR, for appellee.

**Statement by the Court.** This is an action for personal injuries. Appellee was thrown from a wagon in which he was riding which collided with one of appellant's cable trains near the corner of State and Madison streets, Chicago.

The declaration charges that appellant so carelessly and improperly drove and managed its cars that by and through its negligence and improper conduct the wagon was struck with force and violence such as to throw appellee upon the street, causing the injuries complained of. It is charged in additional counts that the gripman in charge of appellant's cars "wantonly, wilfully and maliciously drove his train against the wagon" and intentionally shoved it along the track; and, further, that appellant as-

saulted appellee and " maliciously, wantonly and wilfully with great force and violence " drove the gripcar against the wagon, etc.

The jury returned a verdict against appellant assessing damages at $4,250. At the instance of the trial court plaintiff remitted $750 and judgment was entered for $3,500.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is contended, first, that the verdict is not justified by the evidence. There is evidence in behalf of appellee to the effect that he started to cross appellant's tracks in front of a cable train which was at the time standing still, and that when his horse was on the track the gripcar was suddenly started, striking his wagon and causing the injury. Appellant, on the contrary, insists that the train was already in motion around the curve where the tracks turn from State into Madison streets, when appellee drove his wagon immediately in front of the moving gripcar where it was impossible for the gripman to avoid the collision; and it is said that this view is sustained by the greater weight of evidence. The testimony creates perhaps some doubt as to the negligence charged against appellant. But that there is considerable evidence which, if true, sustains the declaration in this respect, cannot be questioned, even though it may not support the charge of wilful and intentional wrong. We cannot say from all the evidence that the jury were not justified in concluding that there was in this case negligence on the part of appellant's gripman resulting in the injury, merely because there is evidence to the contrary which from the record alone we might perhaps incline to believe was entitled to greater weight. It must suffice to say, that we are convinced upon careful consideration that interference with the verdict and judgment in this case upon that ground would be unwarranted. Were it otherwise, we should not hesitate to perform the duty devolving upon us where we find the evidence not sufficient to authorize the judgment, and to reverse on that

ground. See Berg v. C. R. I. & P. Ry. Co., 162 Ill. 348, 355; Chi. & Erie Ry. Co. v. Meach, 163 Ill. 305, 308; Gall v. Beckstein, 173 Ill. 167; Ill. Cent. R. R. Co. v. Cunningham, 102 Ill. App. 206, 208.

It is further contended that the trial court erred in admitting improper evidence. Appellee was asked what expenses, if any, he had incurred in his endeavors to get his "leg cured with physicians and surgeons." An objection to the question, that no proper foundation was laid, and that it was incompetent, irrelevant and immaterial, was overruled. The plaintiff then asked, "You mean my whole expenses?" to which his attorney responded "Yes"; the witness answered, "Oh, $1500." A motion was made to strike out the answer, which the court overruled. No evidence was introduced tending to show what the services were for which appellee had incurred this amount of expense, nor whether such services were reasonable, customary or usual, and the motion to strike out the answer under consideration was properly made in accordance with what is said in Chicago City Ry. Co. v. Menely, 79 Ill. App. 679, 682. "The proper measure was the usual and reasonable charge of the profession generally." Chicago City Ry. Co. v. Wall, 93 Ill. App. 411, 416. No such testimony appears in this record, and there is nothing to show the nature of the alleged expenses to which appellee testifies in this off-hand manner, nor how they were incurred. The question called in the nature of things for hearsay testimony. We are of opinion that the objection was sufficiently specific and that the motion to strike out should have been allowed. The testimony was not followed up by any further proof.

The error in this respect, however, goes only to the amount of damages, and can be cured by remittitur. If, therefore, appellee's attorneys shall within ten days remit the sum of $1,500, the judgment will be affirmed for the remainder; otherwise it will be reversed and the cause remanded.                *Affirmed with remittitur.*

Remittitur filed and cause affirmed December 26, 1903.