## John Schmitt, Appellee, v. F. J. Kurrus, Appellant.

1. ASSAULT AND BATTERY—*what evidence competent upon question of damages.* In an action for assault and battery it is competent, in connection with the right to recover punitive damages, to show the pecuniary circumstances and social relations of the plaintiff.

2. EVIDENCE—*when objection properly overruled.* An objection to evidence competent in itself but which needs to be supplemented by other evidence is properly overruled. If, however, the supplemental evidence is not introduced, the party who made the objection to the evidence which standing alone would not be competent, should move to exclude.

Trespass. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

KEEFE & SULLIVAN, for appellant.

McHALE & SUMNER and WISE & McNULTY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in trespass, in the City Court of East St. Louis, by appellee against appellant, to recover damages for an assault and battery inflicted by appellant upon appellee. Trial by jury. Verdict and judgment in favor of appellee for $1,690.10.

Appellee was an employe of a commission company engaged in handling fruits and vegetables. The place of business was kept open during the night for the purpose of receiving consignments and preparing the goods to be placed upon the market early on the following morning. After eleven o'clock at night appellee was in charge of the business.

About midnight of July 6-7, appellant with a number of companions who had been drinking more or less, came by the store where appellee was in charge and broke one melon and started to carry away another; appellee protested, and one of the party paid

for the melon that was broken and the one that was being carried away was returned; appellant then demanded that appellee should pay back the fifty cents which had been paid for the broken melon, and this appellee declined to do; appellant was persistent and appellee went into a telephone booth for the purpose of calling the proprietor or the police and appellant followed after him using angry and profane language and struck at him through the glass part of the booth door, breaking the glass and driving a fragment of it into one of appellee's eyes, very seriously and probably permanently injuring it. The evidence, we think, discloses that appellant was not only guilty of assault and battery upon appellee as charged in the declaration, but that it was absolutely without either legal justification, or reasonable provocation,—it was wilful and wanton.

After the injury, appellee went to a physician who advised him to go to an eye specialist who sent him to a hospital where a surgical operation was performed upon his eye; he was then placed under care of a specialist who treated his eye for ninety days, resulting in only a partial restoration of sight. He suffered humiliation and pain. He paid out money and incurred liability in and about endeavoring to be cured, to the amount of $168.10, and lost his salary for six weeks time that he was unable to attend to his duties for his employer, amounting to $90. In addition to the foregoing with respect to the damages, we think the evidence clearly warrants exemplary damages.

Counsel for appellant insist that the trial court erred in permitting appellee to prove his pecuniary circumstances and social relations. This was not error. In this state such facts are proper to be proven, in this character of case. In McNamara v. King, 7 Ill. 332, the court says: "In actions of this kind, the condition in life, and circumstances of the parties are peculiarly the proper subjects for consideration of the jury in estimating the damages and their pecuniary

circumstances may be inquired into." "In trespass for assault and battery, evidence of the pecuniary condition of the plaintiff may be given." Cochran v. Ammon, 16 Ill. 316.

While upon the witness stand testifying in his own behalf, appellee was asked, "What was Dr. Ball's bill —what were you to pay?" To this question counsel for appellant objected, saying, "I object because there is nothing to show that the fee charged was the usual and customary fee." The court overruled the objection, and counsel duly excepted, and here contend that the trial court committed reversible error in overruling the objection and permitting the question to be answered. In this contention we cannot agree with counsel. As one step towards establishing his claim for expenses paid and liability incurred in and about endeavoring to be cured it was proper for him to prove "what he was to pay," i. e. what amount he had become liable to pay. This alone would not make complete proof of his right to be reimbursed by appellant, but it was one of the proper and necessary steps towards complete proof. If when the evidence was all in, it did not tend to prove that the amount stated was within the "usual and customary fee," and if appellant was then not willing to concede the fact, it was his duty to move the court to exclude or strike out the witness' answer to that question, or to have presented an instruction covering that feature of the evidence, and having done neither he cannot now be heard to complain. As the case stood when the question was asked, it was clearly within the discretion of the court to allow it to be answered. Chicago City Ry. Co. v. Menely, 79 Ill. App. 679 (683); Chicago City Ry. Co. v. Miller, 111 Ill. App. 446 (448).

Counsel for appellant challenge and criticise a number of the instructions given by the court on behalf of appellee. Their challenges raise no question of law upon which we have not expressed our judgment, in the preceding parts of this opinion, and we regard the

extended criticisms upon them as quite hypercritical. We are of opinion that the instructions, given on behalf of appellee, individually and as a whole, are substantially correct, and clearly not misleading. Appellee's case appears to us as meritorious, and we think substantial justice has been done by the verdict and judgment of the trial court.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*