JOHN SCHMITT, Appellee, vs. F. J. KURRUS, Appellant.

*Opinion filed June 18, 1908.*

1. EVIDENCE—*what must be shown to recover for medical treatment and care.* To recover damages for medical or surgical treatment or care, the plaintiff must prove that he has paid, or become liable to pay, a certain amount, and also that such amount is the usual and reasonable charge for services of that nature, as he can not recover more than he has paid or become liable for, nor more than the usual and reasonable charge, whatever he may have paid or become liable for.

2. SAME—*the plaintiff is entitled to prove what he has paid for medical treatment.* Evidence as to what the plaintiff has paid for medical and surgical treatment is competent, and the fact that it is not followed by proof as to the amount being the usual and reasonable charge does not render its admission erroneous, where no assurance was required of the plaintiff that such further proof would be made and no motion was made to exclude the evidence when the other proof did not follow.

3. SAME—*evidence of financial condition of parties is competent in action for assault and battery.* In an action of trespass for assault and battery, where the jury may allow damages not only to compensate the plaintiff but to punish the defendant, according to the circumstances of the case, proof of the financial condition of the parties is competent and may be considered by the jury in assessing damages.

4. SAME—*when refusal to permit proof of lack of intent is not error.* In an action for trespass for assault and battery, if the defendant has been allowed to testify that he had made no threats and did not offer to strike or harm the plaintiff in any way, and that he did not assault the plaintiff or strike the glass door behind which he stood, causing the glass to wound the plaintiff, it is not error to refuse to allow the defendant to prove he had no intention to assault or strike the plaintiff.

5. ASSAULT AND BATTERY—*what constitutes assault and battery.* Proof that the defendant in an action of trespass for assault and battery followed plaintiff into a store, after an altercation in which the defendant had demanded the return of some money which he had no right to, and that he struck the glass in the door of the telephone booth where the plaintiff had gone, thereby driving a piece of glass into the plaintiff's eye, establishes a case of assault and battery authorizing exemplary damages.

6. INSTRUCTIONS—*requirement that the jury shall believe from the evidence need not be repeated before each fact.* If an instruction requires the jury to believe, from the evidence, in the existence of all the facts stated therein, it is not necessary that such requirement be repeated before each of the separate facts, and the failure to so repeat the requirement does not amount to an assumption of the facts.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

D. E. KEEFE, for appellant.

McHALE & SUMNER, and WISE & McNULTY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John Schmitt, the appellee, brought this action of trespass for assault and battery against F. J. Kurrus, the appellant, in the city court of East St. Louis. There was a plea of not guilty and a trial by jury, which ended with a verdict finding the appellant guilty and assessing appellee's damages at $1690.10. The court overruled a motion for a new trial and entered judgment on the verdict. The Appellate Court for the Fourth District affirmed the judgment.

The facts proved are substantially as follows: The defendant had attended a meeting of his lodge on the night of July 6, 1906, and afterward went with five of his friends to a restaurant, where he had a supply of fresh croppies which he had previously arranged to have fried for a supper. The party remained at the restaurant until near midnight and had supper, during which they each drank four glasses of beer. They left the restaurant about midnight, and in passing along the street came to the place of business of the Bodenburg Commission Company, which dealt

in fruits and green vegetables of all kinds. The plaintiff was a salesman and was the foreman in charge of the store after eleven o'clock at night. The store was kept open at night, and melons and other fruits were piled on the sidewalk to be ready for business in the morning. As the party reached the store two colored men were sitting on the sidewalk eating a melon. The party stopped, and there was evidence tending to prove that one of them dropped a melon and broke it. At any rate, the defendant took a melon from the pile and walked off with it. The plaintiff had been to lunch, and coming back saw a broken melon on the walk and called upon the party to pay for it. One of them gave the plaintiff fifty cents, which he received as pay for the broken melon, and in the meantime another clerk had followed the defendant for the purpose of getting the melon which he took or securing pay for it. The defendant gave the melon back, saying that it was only a joke, and then came back to the store, where he learned that his companion had paid the plaintiff fifty cents. He testified that he understood that the fifty cents was for the melon that he had returned, but, the plaintiff understood that it was for the broken melon. The defendant demanded from the plaintiff a return of the money, but plaintiff told him that he could not return it; that he had rung it up in the cash register and that defendant would have to see Mr. Bodenburg about it. There was an altercation, in which the defendant used violent and profane language and continued to demand the money. The plaintiff said that he would call a policeman, and went into the store and inside of the office, which was partitioned off. He went into the telephone booth, intending to call Mr. Bodenburg, and took down the receiver and was waiting for the answer from the central office. The defendant had followed him to the door of the booth, and the evidence for the plaintiff was that the defendant struck the glass door of the booth with his fist and broke it. A piece of the glass went into the

plaintiff's eye, and a board nailed on the inside of the door with a list of grocerymen that the store would ring for on the telephone, was knocked off. Defendant testified that he did not strike the glass, and that was his only defense.

During the course of the trial the plaintiff sought to prove what he had paid to doctors for medical and surgical treatment for his injury, and the defendant objected, stating that his objection was that the proper method was to prove what would be a fair and reasonable charge, and there was then no evidence to show that the fee charged was the usual and customary one. The objection was overruled and the evidence admitted. In order to recover for medical and surgical services and treatment it was necessary for the plaintiff to prove two things: First, that he had paid or become liable to pay a specified amount; and second, that the charges made were the usual and reasonable charges for services of that nature. He could recover no more than the amount which he had paid or become liable to pay, even if it was less than the usual and reasonable charge for such services; and, on the other hand, he could not recover more than such usual and reasonable charge even if he had paid more. (*North Chicago Street Railway Co. v. Cotton*, 140 Ill. 486.) The first essential fact to be proved was what the plaintiff had paid. The defendant might properly have insisted upon an assurance that the further requisite proof would be made and the court might properly have required such an assurance from plaintiff, but the evidence was competent when offered and the court did not err in the ruling. When it was not followed by proof that the charge was the usual and reasonable one the defendant might have moved the court to strike out the evidence, which the court undoubtedly would have done and advised the jury that no allowance could be made on account of it.

It is also contended that the court erred in admitting evidence of the financial condition of the parties. The

plaintiff was allowed to prove that he was a poor man, having nothing but a little household furniture and owing considerable debts, and also to prove the value of defendant's property. The actual damages suffered could not be increased nor diminished on account of the financial condition of the parties; but it was early settled in this State in the case of *McNamara* v. *King,* 2 Gilm. 432, that in actions of trespass for assault and battery the condition in life and circumstances of the parties are proper subjects for the consideration of the jury in estimating the damages. In such actions the jury may allow damages not only to compensate the plaintiff but also to punish the defendant according to the circumstances of the case, and for that purpose may take into consideration the pecuniary resources of the defendant. The principle has been extended to other classes of cases where exemplary damages are recoverable. (*Cochran* v. *Ammon,* 16 Ill. 316; *Peters* v. *Lake,* 66 id. 206; *White* v. *Murtland,* 71 id. 250.) This was a proper case for the allowance of exemplary damages and the evidence of financial condition was proper. The money which the defendant was demanding was not his, and there was no excuse whatever for the assault.

Complaint is made that the defendant was not allowed to testify that he had no intention to assault or strike the plaintiff. He had already testified that he made no threat and did not offer to strike or harm the plaintiff in any way, shape or form, and that he did not assault or strike him and did not strike the glass door. If he did not assault or strike the plaintiff, as he testified, it necessarily follows that he had no intention to do so. If he did make the assault and broke the glass and drove a piece of it into the plaintiff's eye it was immaterial what his intention or motive was. (*Shanley* v. *Wells,* 71 Ill. 78.) In either view there was no error in the ruling.

Objection is made to an instruction given to the jury at the request of the plaintiff on the ground that it assumed

the existence of facts which were in controversy. The instruction required the jury to believe, from the evidence, in the existence of every fact stated in it, but that requirement was not repeated before each one of the separate facts. That was not necessary and there was no assumption of any fact in the instruction.

Objection is made to the fourth instruction as authorizing the jury to find that there was an assault and battery, whereas there was no evidence tending to prove the same. The striking and breaking of the glass and driving it into the plaintiff's eye was an assault and battery, and the instruction referred the jury to the evidence to determine the fact.

The seventh instruction authorized the jury to take into account the financial circumstances of the plaintiff and the defendant if they found that the defendant committed the assault and caused the injury to the plaintiff's eye, as alleged in the declaration. If the assault was proved the case was clearly one where exemplary damages might be recovered, and the instruction was not erroneous.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*