## Joe Thompson, Defendant in Error, v. Dering Coal Company, Plaintiff in Error.

1. DAMAGES—*what essential to recovery for medical expenses.* In order to recover for necessary medical and surgical services, it is incumbent upon the plaintiff in the first instance to show what amount he had paid or had become obligated to pay for such services and further that said amount was the usual and reasonable charge for like services.

2. MINES AND MINERS—*when instruction as to demand for props misleading.* The word "required" is not the legal equivalent for "demanded" and the interchangeable use of the words as applied to props is misleading.

3. INSTRUCTIONS—*when as to preponderance of evidence erroneous.* An instruction upon this subject which wholly omits the element of the number of witnesses testifying to a fact or state of facts is erroneous where the number of the witnesses upon the respective sides is not equal.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

O. M. JONES and CHARLES TROUP, for plaintiff in error; MASTIN & SHERLOCK, of counsel.

S. M. CLARK and C. H. BECKWITH, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The plaintiff, Joe Thompson, recovered a verdict and judgment in the Circuit Court of Vermilion county against the defendant, Dering Coal Company, for $1,999 as damages for personal injuries alleged to have been sustained by reason of the wilful failure of defendant to furnish props after the same were demanded by the plaintiff, whereby a large rock in the roof of the room in which the plaintiff was employed as a coal miner fell upon him. To reverse said judgment the defendant prosecutes this writ of error.

As the judgment must be reversed and the cause remanded for another trial for error in admitting incompetent evidence and the giving of improper instructions to the jury we refrain from a discussion of the facts further than to say that the evidence bearing upon the question of defendant's liability is extremely close and conflicting.

In the absence of any evidence as to the amount the plaintiff had paid or had become obligated to pay for medical and surgical services, Dr. Poole, a witness called for the plaintiff, and who had not attended the plaintiff, was permitted over the objection of the defendant to testify that the usual and customary charge for the medical and surgical services performed by Dr. Morehouse was $100. This was error. In order to recover for necessary medical and surgical services it was incumbent upon the plaintiff in the first instance to show what amount he had paid or had become obligated to pay for such services, and further that said amount was the usual and reasonable charge for like

services. In Schmitt v. Kurrus, 234 Ill. 578, it was held that in order to recover for medical and surgical services and treatment it is necessary for the plaintiff to prove two things: first, that he had paid or become liable to pay a specified amount; and second, that the charges made were the usual and reasonable charges for services of that nature; that a plaintiff can recover no more than the amount which he has paid or become liable to pay even if it is less than the usual and reasonable charge for such services and that he cannot recover more than such usual and reasonable charge even if he has paid more.

There being no competent evidence in the record upon which to base a recovery for necessary medical and surgical services the 8th instruction tendered by the plaintiff should have been refused.

The 4th instruction given at the instance of the plaintiff employs the words "required" and "demanded" interchangeably as relating to the statutory duty of the owner or operator of a coal mine to "provide a sufficient supply of props, caps, and timber delivered on the miners' cars at the usual place when *demanded*," etc. In its common acceptation the word "required" is not a synonym for the word "demanded" as employed by the statute. The former may relate to a condition arising by implication, and is more commonly used as synonymous with "necessary," while the latter in the sense in which it is employed in the statute relates to an express overt act. The instruction should not have been given as offered.

By the third instruction given at the request of the plaintiff the jury were informed that the preponderance of the evidence in regard to any fact or facts in issue did not necessarily depend upon the number of witnesses who testified upon opposite sides in regard to such fact or facts, and continuing, the instruction enumerated certain elements proper to be considered

by the jury in determining the preponderance of the evidence, wholly omitting the number of witnesses as one of such elements. In this respect the instruction was erroneous. Lyons v. Ryerson, 242 Ill. 409.

For the errors above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*