### David Hoover, Appellee, v. The Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. EVIDENCE—*what does not tend to establish reasonable value of services.* The reasonable value of services rendered and paid for is not established by inference or presumption from the amount paid for such services.

2. MEASURE OF DAMAGES—*in action for injury to horses.* The true measure of damages in such a case is the difference between the fair cash market value of the horses for any and all purposes before the injury and such value if any after the injury, and this necessarily includes a consideration of the fair cash market value of the horses for the purposes for which they had been used by the plaintiff.

Action in case. Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

HOGAN & WALLACE and GRAHAM & GRAHAM, for appellant.

F. P. & J. L. DRENNAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against the appellant to recover damages for injuries to a mare, alleged to have been occasioned by the negligence of appellant, together with the costs to appellee of the services of a

veterinary surgeon in a fruitless attempt to cure said injuries. The trial of the cause by jury resulted in a verdict and judgment against the appellant for $212. Upon this appeal appellant only contests the amount awarded to appellee as damages.

The evidence bearing upon the question of the fair cash market value of the mare before and after the injury is in hopeless conflict. The testimony of the witnesses called by appellee tended to show that such value of the mare before the injury was from $150 to $250, and that after the injury such value of said mare was from nothing to $75, while the testimony of the witnesses called on behalf of appellant tended to show that such value of said mare before the injury was only from $50 to $75. In view of the fact that the jury were permitted to consider as a proper element of damage the cost to appellee of the services of a veterinary surgeon, amounting to $62, it is apparent that the jury awarded to appellee as his damages for the depreciation in the fair cash market value of the mare, by reason of the injuries, the sum of $150 and we should be unwarranted in holding that the damages awarded to appellee in that regard are excessive. There is evidence tending to show, and the jury were not unwarranted in finding, that appellee was directed by one Bradford, the claim agent of appellant, to procure the services of a veterinary surgeon, and that Bradford thereafter occasionally saw the mare while she was being treated. The appellee was permitted to testify over the general objection of the appellant that he had paid to the veterinary surgeon for his services in treating the mare the sum of $62. We have no doubt but that appellee was entitled to recover the reasonable value of such services incurred by him in good faith. Appellant's general objection to the inquiry as to what amount appellee had paid the veterinary surgeon for his services was properly overruled. It is now urged for the first time that appellee failed to offer any proof

that the services rendered by the veterinary surgeon were reasonably worth the amount paid by appellee therefor. We cannot agree with the insistence of appellee that in the absence of evidence to the contrary it will be presumed that the reasonable value of the services of the veterinary surgeon was the amount paid therefor, but we are of opinion that in order to preserve the question for review appellant should have raised it in the court below by a motion to strike out the evidence relating to the payment by appellee of $62 to the veterinary surgeon, upon the ground that there was no evidence in the record that such services were reasonably worth the amount paid therefor. Schmitt v. Kurrus, 234 Ill. 578.

Appellee was entitled to recover the difference between the fair cash market value of the mare for any and all purposes, before the injury, and such value, if any, after the injury, and this necessarily included a consideration of the fair cash market value of the mare for the purpose for which she was used by appellee.

There is no error in the record which should operate to reverse the judgment and the same will therefore be affirmed.

*Affirmed.*