is mentioned in the second proposition of the syllabus and in the opinion, and it is clearly apparent that if a bond had been given in the case cited the result of the action would have been different.

Section 12028, General Code, is in harmony with the section already cited, in providing that a decedent's lands shall not be ordered partitioned within one year from his death unless the debts have been paid, or secured to be paid, or the personal property of the deceased is sufficient to pay them.

Finding no error, the judgment will be affirmed.

*Judgment affirmed.*

Williams and Lloyd, JJ., concur.

---

### Arnold *v.* Wylie.

*Husband and wife—Damages for criminal association—Charge to jury upon punitive or exemplary not erroneous, when— Error in admitting testimony as to birth of child—Cured by charge to jury eliminating such issue from consideration—Judgment not reversed simply because evidence conflicting—Nor because reviewing court might have returned different verdict—Jury are judges of credibility and weight of testimony.*

1. In action for damages for criminal association between defendant and plaintiff's wife, instruction authorizing punitive or exemplary damages which may be a sum to deter others from like conduct, but damages should not be excessive or beyond reasonable measure of such damages and no more than amount claimed.in petition, *held* proper on law of punitive or exemplary damages.

App.]                Arnold *v.* Wylie.

2. In action for damages for criminal association between defendant and plaintiff's wife, instruction stating that allegations concerning expense of child, resulting from criminal association, have been eliminated, in view of conclusive presumption that husband of wife is father of child born in lawful wedlock, was sufficient to remove prejudicial error in admitting testimony concerning birth of child.

3. Error, to be ground for reversal, must be of such character and nature as is prejudicially erroneous to party prosecuting error.

4. Reviewing court cannot reverse case simply because evidence is conflicting.

5. Where jury, having opportunity to see and hear witnesses and observe their conduct, makes finding on question of fact under conflicting evidence, reviewing court cannot say that jury was not warranted in returning verdict, though reviewing court might have returned different verdict.

6. Jury are judges of credibility and weight to be given to testimony of witness.

(Decided February 11, 1927.)

ERROR: Court of Appeals for Licking county.

*Messrs. Mitchell & Kreider,* for plaintiff in error.
*Messrs. Johnson & Johnson,* for defendant in error.

HOUCK, J. The errors complained of in this case were the result of a suit for damages commenced in the common pleas court by Chalmers C. Wylie against William H. Arnold. The petition of the plaintiff in its first cause of action alleged:

"That on or about the 25th day of August, 1925, and again on or about the 28th day of August, 1925, the defendant, Arnold, wickedly and unjustly, debauched and criminally knew one Maggie E. Wylie, then and still being the wife of the plain-

tiff; that, as the result of the aforesaid debauchery and criminal association with this plaintiff's wife, a child was born to the said Maggie E. Wylie on May 5, 1926, which child still survives; that thereby the plaintiff has been deprived of the comfort, fellowship, and assistance of his said wife in his domestic affairs, and has been brought into dishonor and disgrace, and has been caused to suffer great anguish and extreme distress of body and mind, to his damage in the sum of $10,000.''

To the allegations set forth in this cause of action, the defendant, Arnold, filed a general denial. Two other causes of action were set forth in the plaintiff's petition, but the trial judge eliminated both of them, and the case went to trial on the first cause of action and the general denial of the defendant thereto.

The evidence was submitted to the jury, argued by counsel, and the jury charged by the court. A verdict was returned in favor of the plaintiff, Wylie, in the sum of $3,063.33. A motion for new trial was filed and overruled by the common pleas court. To the judgment entered below on the verdict of the jury, error is prosecuted to this court, in which it is urged that a reversal should be had upon the following grounds:

(a) Error in the admission and exclusion of testimony.

(b) Error in the charge of the court to the jury.

(c) That the verdict and judgment are against the manifest weight of the evidence, and contrary to law.

We have read all of the evidence as appears in the bill of exceptions, and also have carefully read and analyzed the charge of the court. While there

may have been some testimony excluded, and some admitted that was of an immaterial nature, or irrelevant to the issues raised by the pleadings, yet we find no error of such a character and nature with reference to the admission and exclusion of testimony as would warrant a reversal of this judgment.

Learned counsel for plaintiff in error insist that the trial judge erred in his charge to the jury with reference to awarding the plaintiff punitive or exemplary damages. Upon this subject the trial judge instructed the jury as follows:

"If you should find for the plaintiff, by a preponderance of the evidence—that is, if you should find that the defendant committed adultery with the wife of the plaintiff, or that he had sexual intercourse with her by force—you would have the right to give what is called punitive or exemplary damages; that is, damages by way of punishment, which may be a sum to deter others from like conduct. Damages, if any, however—and if in your best judgment it is proven that the acts took place —should not be excessive, or beyond the reasonable measure of such damages, and in no event more than is claimed in the petition."

It occurs to the court that a careful reading of the language here used indicates that it is clear, definite, and certain, and language that could not be misleading to a jury with reference to the extent to which it might award plaintiff exemplary or punitive damages, and is a full and complete exposition of the law relating to punitive or exemplary damages. Therefore we find no error in the charge of the court thus complained of.

Learned counsel for plaintiff in error urge in

oral argument that prejudicial error to the plaintiff in error intervened by reason of the trial judge permitting testimony to go to the jury with reference to the birth of the child in question, and as to the question of fact as to its legitimacy, or illegitimacy, and as to the birth of this child, its care, support, and maintenance, as bearing upon the amount of the verdict. We cannot agree with counsel as to the claim here made, for the reason that in the charge of the trial court he eliminated all the questions and facts which might have gone to the jury with reference to this matter when he said in his charge as follows:

"The plaintiff has filed his petition in this lawsuit in which he alleges that the defendant, William H. Arnold, on two occasions, naming the dates, had sexual intercourse with the wife of the plaintiff, Maggie E. Wylie. An answer has been filed, denying generally each and every allegation contained in the petition. The other allegations contained in the petition, as to the expense of nursing and the expenses of the child, have been eliminated by the court for the reason that, as to a child begotten and born in lawful wedlock, there is a presumption of law that is conclusive that its father is the husband of the wife. So the case proceeds with those two items being eliminated, and this suit is for $10,000, and not for $10,375.''

As we view it, this charge took out all of the stain and prejudicial error that is urged by counsel.

In this connection, we are free to say that a careful examination and reading of the charge given to the jury in this case by the trial judge show that it is complete, and covers every phase of the issues raised by the pleadings in the case at bar. It is

only fair to counsel in the case, and to the trial court, to say that if the record is to be relied upon the contest in this lawsuit was a heated one from beginning to end, and, of course, it must be expected that under such circumstances minor errors will creep into the record; but before a reversal can be had, they must be of such a character and nature as are prejudicially erroneous to the one prosecuting error.

The other ground of error insisted upon, not only in the briefs, but in oral argument, is that the verdict and judgment are against the manifest weight of the evidence. True, there was a direct conflict between the wife of Wylie and the defendant, Arnold, with reference to the main issue to be determined in this case: Did Arnold have sexual intercourse with the wife of plaintiff, at or near the times charged and set forth in the petition? After all, this testimony went to the jury, to be weighed, passed upon, and determined by it. A reversal cannot be made by a reviewing court simply because the evidence is conflicting. But in the instant case, there was a direct conflict in the evidence. The jury evidently believed the wife of the plaintiff, and disbelieved that of Arnold. However, this being a question of fact for the jury to determine, and the jurors having had an opportunity to see and hear the witnesses and to observe their conduct and demeanor upon the witness stand, and being the judges of the credibility and the weight to be given to the testimony, it is not within the province of a reviewing court under such circumstances, even though it might have returned a different verdict from that the jury ren-

dered, to say that the jury was not warranted in returning the verdict which it did.

Therefore under the facts in this case, and the rule of law herein laid down, this court is not authorized to reverse the judgment in this case upon the ground that it is against the manifest weight of the evidence.

After a careful examination of the record we are unable to find any errors of such a prejudicial nature as would justify a reversal of the judgment of the common pleas court.

Therefore the judgment of the lower court must be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.