BALTRUNAS v. BAUBLES

Ohio Appeals, 9th Dist., Summit Co.

No. 1180. Decided Nov. 22, 1926

336. CRIMINAL CONVERSATION—A husband may maintain an action against the wrongdoer for criminal conversation with his wife without proof that his wife was seduced or that her affections were alienated.

WASHBURN, J.

Ignac Baltrunas brought his action in the Summit Common Pleas against Charles Bau-

bles to recover money damages for criminal conversation. Baltrunas' petition alleged that on a certain day and divers other days, Baubles had carnal intercourse with his wife, knowing her to be his wife and without his consent by reason of which her affections had been alienated and he had lost her society and comfort and suffered great shame and dishonor. The trial of the case resulted in a verdict for Baubles.

At the trial, Baltrunas presented to court before argument, certain requests to charge, and asked that they be given to the jury before argument. Among said requests was number five as follows. "The plaintiff may maintain an action against defendant for criminal conversation with plaintiff's wife without showing actual alienation of affections." This request the court refused and exception was taken and the court in its general charge, said that if the wife had no affection for the husband before the acts complained of were done, then the plaintiff has nothing to lose and could not recvoer. Upon error proceedings the Court of Appeals held:

1. It is apparent that the trial court regarded the action as one for the recovery of damages for alienation of affections, only, and refused a right of recovery for criminal conversation unless the affections of the wife had been thereby alienated.

2. In doing so, the lower court committed error because the elements of an action in criminal conversation and alienation of affections are different. In the first, the fact of adultery being all important, and alienation of affections is not an important element. In the second, the crucial issue is whether the defendant injected himself between husband and wife to the destruction of their happiness.

3. The fundamental right violated by criminal conversation is the right of exclusive sexual intercourse which the law gives with the right of marriage and after proving marriage and the act, a cause of action arises in which one is entitled to at least nominal damages, which damage may be aggravated by alienation of affections.

4. The court's charge that if the wife was not chaste, her acts being voluntary, and Baubles through no acts of his own enticed and induced her to commit the unlawful acts, plaintiff could not recover, is erroneous as applied to an action of criminal conversation.

Judgment reversed and cause remanded.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Holloway & Chamberlain for Baltrunas; Carl M. Myers for Baubles; all of Akron.