TRAINOR, APPELLEE, *v.* DETERS, APPELLANT.

[Cite as Trainor v. Deters (1969), 22 Ohio App. 2d 135.]

136

(No. 10819—Decided July 7, 1969.)

*Messrs. Weber, Hensley & Nurre,* for appellee.
*Mr. Richard D. Haney,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from the overruling of a motion for a new trial in a suit in the Court of Common Pleas for damages for alienation of affections.

Plaintiff, appellee herein, was married to Earl Thomas Trainor on January 31, 1953, and four children were born as issue of that union. During the summer of 1961, Earl Thomas Trainor met defendant, appellant herein, when

she came to work for his employer. Defendant was then nineteen, and Trainor and his wife were both thirty-three years of age. By December 1961, Trainor was, in his own words, "making passes" at defendant. In August 1964, Trainor left his wife, and she, in January 1965, filed the petition in the case at bar alleging that:

"* * * in the summer of the year 1962, the defendant commenced to associate with and to commit adultery with plaintiff's said husband, with the wilful, deliberate and malicious intention of alienating his affections from plaintiff * * * and by reason thereof she has completely and permanently alienated his affections * * *."

Upon trial, a jury returned a verdict in favor of plaintiff.

Appellant, defendant below, asserts two assignments of error: The first raises the question of weight of the evidence, and the second the propriety of the court's charge to the jury upon the issue of criminal conversation.

In order to establish a prima facie case for alienation of affections the plaintiff is required to prove that the defendant wrongfully, maliciously and intentionally enticed, induced, persuaded and caused plaintiff's husband to lose his affections for her, and that defendant intended to bring about the alienation. *Lewis* v. *Bauer,* 93 Ohio Law Abs. 457.

The gist of the action for alienation of affections is the commission of a wilful and malicious personal injury. *McGrath* v. *McGrath,* 48 Ohio App. 434.

It is essential to establish the cause of action for alienation of affections that an intentional and a malicious alienation be proved, the malice to sustain compensatory damages being malice in law and not actual malice. *White* v. *Buchwalter,* 49 Ohio Law Abs. 589, at page 591.

Legal malice is that state of mind under which a person acts with disregard and a lack of consideration for the just rights of others. 35 Ohio Jurisprudence 2d 142, Malicious Prosecution, Section 22.

Therefore, with respect to the action of a wife for alienation of the affections of her husband, mere proof

that he was upon terms of intimate friendship with the defendant, without any overt act, conduct or treatment on the defendant's part influencing the actions of the husband, will not entitle the plaintiff to recover. See 28 Ohio Jurisprudence 2d 270, Husband and Wife, Section 145, and cases cited thereunder. However, if the defendant's acts and conduct, taken in conjunction with the acts and conduct of the husband, contributed to alienate the affections of the husband, the aggrieved wife may recover. *Booth* v. *Krouse,* 78 Ohio App. 461.

It is apparent, then, that the defendant in a suit for alienation of affections must have been the aggressor or, at the very least, have aided or abetted the transfer or diversion of the affections of the errant spouse.

It must also be recognized that if it appears that there was no affection to alienate, recovery is precluded. *Booth* v. *Krouse, supra.*

Perusal of the record before us compels the conclusion that plaintiff's husband was the instigator of the affair which ultimately developed between him and defendant. However, we perceive that once the flame had been kindled defendant did nothing to extinguish it. Trainor defends his delinquency by declarations that: "the marriage was bad from the beginning"; "there was never any great amount of love"; "she was unfaithful and then became a drinking problem"; "constant untrust"; and he referred to "at least half a dozen" separations prior to his final departure in 1964.

Taken in its entirety and viewed in a light most favorable to plaintiff, the evidence fails to support a cause of action for alienation of affections. Even if it is said that defendant's acts after Trainor's advances contributed to encourage him to continue, there was no affection of Trainor toward plaintiff for defendant to have alienated. Despite plaintiff's statements that she loved her husband, it is starkly clear that such love was unrequited. Therefore, defendant cannot be held culpable in the premises here.

The trial court instructed the jury on the subject of punitive damages.

We define punitive, or exemplary, damages to be such as are given in enhancement of the ordinary damages on account of the wanton, reckless, malicious or oppressive character of the act complained of. The interchangeable terms "punitive," "exemplary" or "vindictive" damages denote those in excess of actual loss and are allowed, in theory, as an example to deter others from offending as did the wrongdoer. See 16 Ohio Jurisprudence 2d 279, Damages, Section 141 *et seq.*, and cases cited thereunder.

Before punitive or exemplary damages may be awarded, actual damages must have been found and assessed. *Richard* v. *Hunter*. 151 Ohio St. 185.

The record before us is devoid of any testimony as to loss by plaintiff or of the reasonable value of services by her attorney.

Since we have determined that there was, in the case at bar, no cause of action for alienation of affections, no actual damages could have been awarded. Hence, no verdict for punitive damages could properly have been returned.

We now address ourselves to the second assignment of error which broaches the question whether the plaintiff was entitled to have the jury consider the issue of criminal conversation. The court below charged the jury that:

"The claims by the plaintiff of alienation of affection and criminal conversation may be considered as one claim with the criminal conversation claim being an aggravation of the alienation of affections claim. In other words, members of the jury, if you find for the plaintiff, you will find in a matter of one sum of money if so find from the evidence. You consider both of these matters as one.

"To sum up for you, if you find from the evidence for the plaintiff on the issue and you do find for the plaintiff, the court instructs you to find for the plaintiff on the issue of criminal conversation. The court has reviewed that form of verdict."

Such charge, in our opinion, constituted error prejudicial to the defendant. We assess the law in Ohio to be that there is a distinction between the essential elements of an

action for alienation of affections and one for criminal conversation, that is, an action to redress the violation of a spouse's right of exclusive sexual intercourse.

In an action for criminal conversation, the fact of adultery is all-important, and the alienation of the affections of the spouse is not a necessary element of the cause of action; while in an action for alienation of affections, the crucial issue is whether the defendant enticed the spouse, alienated her affections and injected himself between husband and wife to the destruction of their mutual happiness. *Baltrunas* v. *Baubles,* 23 Ohio App. 104.

The distinction between the two causes is accented by the fact that once the actual marriage of the parties is established the cause of action for criminal conversation is complete upon proof of sexual intercourse between the defendant and the wife or husband of the plaintiff. *Baltrunas* v. *Baubles, supra.*

It is not necessary to show pecuniary damages, the violation of the marriage rights being sufficient to justify an allowance of at least nominal damages. 28 Ohio Jurisprudence 2d 285, Husband and Wife, Section 162. For a further discussion of damages for criminal conversation, see 28 Ohio Jurisprudence 2d 288, Husband and Wife, Section 168 *et seq.*

In the case at bar, adulterous relationships were admitted by defendant and Trainor. However, because of the error in the charge the issue which was demonstrated by the evidence was not properly submitted to the jury. Accordingly, the judgment of the trial court is reversed and this cause is remanded for a new trial upon the question of criminal conversation, in harmony with this opinion.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.