SWARTZ, APPELLEE, *v.* STEELE, APPELLANT.

(No. 32940—Decided August 1, 1974.)

*Mr. Charles T. Wochna,* for appellee.

*Mr. Michael D. Coffey* and *Mr. Seymour Terrell,* for appellant.

KRENZLER, J. On September 2, 1970 the plaintiff filed a complaint in the Court of Common Pleas of Cuyahoga County against the defendant with two counts: one for alienation of affections and one for criminal conversation.[1] Plaintiff dismissed the count for alienation of affections.

---

[1]It is noted that with the enactment of the new Criminal Code, effective January 1, 1974, there is no longer a crime of "adultery." Since this action occurred prior to that date we need not decide if the common law civil action of criminal conversation which is based upon "adulterous conduct" is also extinguished.

The case went to trial before a jury on May 3, 1973 only on the issue of criminal conversation. The defendant made a written request for instructions to the jury that in the course of the charge, the terms "adultery" and "sexual intercourse" would be used and that as a matter of law, the term "adultery" is defined as the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife. A request was also made by the defendant defining sexual intercourse as the carnal copulation of a male or female implying actual penetration of the organs of the latter.

The trial court did comply with the defendant's instructions and used the term adultery throughout the charge. The jury returned a verdict of $20,000 compensatory damages and $25,000 as punitive damages for a total of $45,000. The defendant made a motion for a new trial and it was overruled. The defendant also filed a motion for remittitur which was overruled.

The defendant filed a notice of appeal from the final judgment entered on May 11, 1973 and from the judgment overruling the motion for a new trial entered on July 16, 1973.

Defendant appellant has five assignments of error:

1. The verdict of the jury is so excessive as to appear to have been awarded as a result of passion and prejudice.

2. The verdict is manifestly against the weight of the evidence.

3. The trial court erred to the prejudice of the Appellant by reading to the jury that portion of Appellee's Complaint relating to alienation of affections, a count which had been abandoned by Appellee prior to trial.

4. The trial court erred to the prejudice of the Appellant in ruling that door-knob service was proper residential service and ordering Appellant and his wife to respond to such improper service under penalty of the issuance of body attachments.

5. The trial court erred in overruling the Appellant's Motion for a directed verdict because there is a complete failure of proof of criminal conversation.

Assignments of error one and two deal with the verdict of the jury and whether it is against the manifest weight of the evidence or so excessive as to appear to have been awarded as a result of passion and prejudice.

We have carefully reviewed the transcript of testimony and the record clearly establishes that there is some evidence upon which a jury of reasonable persons could find for the plaintiff as to criminal conversation. Two elements are necessary to recover in a criminal conversation action. They are sexual intercourse between the defendant and the plaintiff's spouse and damages.

Barbara Swartz Steele testified that she had sexual intercourse with Robert Steele at least three times between the end of November, 1968 and January, 1969 while she was still the wife of Orville J. Swartz.

As to the element of compensatory damages, the plaintiff introduced only his subjective testimony that the incident affected his health, business and relationship with his wife. Concerning his health, the plaintiff testified on direct examination as follows:

Q. Did this affect you physically in any way?
A. Yes, it did.
Q. How, so?
A. Nervousness, fatigue, didn't sleep nights.
Q. Has this matter affected you today?
A. Yes.
Q. You still have problems today?
A. Yes.
Q. Would you tell us what those are, please?
A. Nervousness and fatigue.

Plaintiff also testified about the effect on his business after his wife left him on January 9th or 10th, 1969, but he gave no specific reasons or documentation as to exactly how it was adversely affected. On cross-examination the plaintiff testified that his earnings in 1967 were $13,000 or $14,000 and that in 1968 they were between $11,000 and $13,000. The plaintiff also testified that he did not remember his earnings for the years of 1969, 1970, 1971, 1972, or 1973.

Finally, the plaintiff testified that after August, 1968, his wife's attitude changed toward him and they no longer slept together or spent any social time together. However, there was other evidence in the record that contradicted this testimony. Plaintiff and Barbara Swartz Steele were married in July, 1957, and divorced in April, 1969. Barbara Swartz met the defendant, Rogert Steele, on July 23, 1968. Although Swartz testified that he had a "very good" relationship with his wife until August, 1968, there was other evidence that showed that Swartz had been made a party to a suit in 1966 for alienating the affections of another man's wife, and that Barbara Swartz had originally filed for a divorce action against Orville Swartz in November, 1967 although that action was later dismissed. Barbara Swartz Steele also testified that there had been marital difficulty in 1966, 1967 and 1968.

Compensatory damages in a criminal conversation case are not determined by the number of illicit affairs or what these affairs should cost the defendant, but what will compensate the plaintiff for his damage. The general rule for compensatory damages is that the injury, and the damages resulting, must be shown with certainty, and not left to conjecture or speculation. While in an action for criminal conversation the violation of the marriage rights is sufficient to justify an allowance of at least nominal damages,[2] there must be sufficient evidence of actual damages to permit any more than a nominal amount. In a criminal conversation action the relationship between the husband and wife can be considered in assessing damages. Also, the alienation of the affections of one spouse, while not an element of the action for criminal conversation, may be considered as a matter in aggravation of damages.[3]

After reading the entire transcript of testimony, we conclude that the verdict of the jury for $20,000 compensatory damages was excessive and manifestly against the

[2]*Trainor* v. *Deters* (1969), 22 Ohio App. 2d 135, 140; *Baltrunas* v. *Baubles* (1926), 23 Ohio App. 104, 106.

[3]*Baltrunas* v. *Baubles, supra.*

weight of the evidence and a result of passion and prejudice and requires reversal.[4]

Punitive damages in a criminal conversation case are awarded to punish the defendant for this conduct and to serve as an example to deter others from the commission of like offenses. The damages, however, should not be excessive or beyond the reasonable measure of such damages.[5]

We find that in this case an award of $25,000 punitive damages is also excessive.

The first and second assignments of error are well taken in that the verdict was excessive and manifestly against the weight of the evidence and a result of passion and prejudice.

The third assignment of error is not well taken.

After the trial court completed its charge, counsel were asked if there was anything specifically that the court missed or hadn't been explained properly, or if anything should be added or subtracted. Defendant's counsel then objected because the trial court failed to mention paragraph two of the complaint wherein plaintiff did plead that with malice and complete wanton disregard of the plaintiff's right, defendant had alienated the affections of the plaintiff's wife. This was also contained in paragraph two of the first count which was for alienation of affections. The trial court then stated that it would explain to the jury the foregoing remarks in order to meet counsel's objection. Plaintiff's counsel then had some off-the-record discussion and the requested charge regarding alienation of affections was not given. Moreover, the course of action based on alienation of affections was dismissed. The trial proceeded only on the criminal conversation cause of action.

The fourth assignment of error which is concerned with the issue of whether appellant's wife was properly served

---

[4]See *Schendel* v. *Bradford* (1922), 106 Ohio St. 387, 391, in which the Court stated in paragraph 3 of the syllabus: "A reviewing court, having the power and authority to reverse on the weight of the evidence, finding the judgment and verdict excessive, but not the result of passion or prejudice, may reverse if the judgment and verdict are not sustained by sufficient evidence."

[5]*Arnold* v. *Wylie* (1927), 25 Ohio App. 10, 13.

as a prospective witness is not well taken. The record reflects that doorknob service was made on the defendant's wife to appear as a witness in the trial. The trial court also advised defendant's counsel to have her appear as a witness and she did appear as a witness. This procedure did not constitute prejudicial error for several reasons. First, there was valid service on the witness under Civil Rule 45(C). Further, she did appear and her appearance constituted a waiver of any procedural defect.

It is also recognized that the trial court could have issued a bench warrant and had her appear as a witness or the court could have recessed the trial until she was brought into court. There is nothing in the record to show that her testimony would not have been the same had she appeared pursuant to a subpoena or in any other fashion. The fact is that she did appear and did testify and there is nothing in the record to show that this constituted prejudicial error. The fifth assignment of error is not well taken because there was evidence of sexual intercourse with a married woman and also sufficient evidence for a jury to award both some compensatory and punitive damages. The trial court did not err in overruling the appellant's motion for a directed verdict for complete "failure of proof."

The judgment of the trial court is reversed and remanded for a new trial on the issue of damages only.

*Judgment reversed and cause remanded.*

Silbert, C. J., and Day, J., concur.