600 P.2d 302

John THOMPSON, Plaintiff-Appellant,

v.

Ernest CHAPMAN, Defendant-Appellee.

No. 3565.

Court of Appeals of New Mexico.

March 27, 1979.

Owen Russell, Raton, for plaintiff-appellant.

Paul A. Kastler, Kastler, Erwin & Davidson, Raton, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant for alienation of affections. Summary judgment was granted defendant and plaintiff appeals. We affirm.

Plaintiff's complaint alleged that sometime in 1974, defendant began to interfere with the marital relationship of plaintiff and his wife; such interference continued and contributed significantly to a divorce that took place, September 29, 1976. The interference consisted of (1) defendant maintaining as close a social relationship with plaintiff's wife as circumstances would permit, (2) placing himself in social situations near plaintiff's wife, (3) arranging and participating in clandestine rendezvous with her, (4) inviting her to attend social outings, (5) otherwise acting affirmatively to induce her to develop greater affection toward him with a commensurate loss of affection of her husband. Defendant knew and intended that his misbehavior would have a deleterious effect upon the marriage.

Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted and two affidavits, which when taken together, treats the motion as one for summary judgment. Rule 12(b) of the Rules of Civil Procedure.

The affidavits of defendant and plaintiff's former wife stated:

(1) They did not date nor visit each other alone prior to the date of the divorce.

(2) They did not discuss any matters of personal relationship nor have any personal relationship at any time prior to the date of the divorce.

(3) They did not do or say anything which encouraged or created or fostered a relationship or social relationship until after the divorce, and in fact saw each other only in the context of their jobs during the day in the presence of many other people and then only in the nature of the business itself.

(4) The complaint filed by plaintiff is just one more in a continued and repeated harassment of plaintiff's wife, which harassment has induced physical assault, verbal abuse and molestation, and there is no truth to any of the matters set forth in the complaint.

The burden shifted to plaintiff. Plaintiff filed an affidavit in which he verified the allegations of the complaint. In addition, he stated:

(1) During 1974 and 1975, defendant and plaintiff's wife attended and associated together at choir practice on frequent occasions at the Methodist church in Raton.

(2) In July of 1974, plaintiff's wife was in the company of the defendant and others from 10 a. m. to 12 p. m. for the purpose of appearing in the Jaycees Rodeo Parade and other activities related to the Rodeo.

(3) During 1974 and 1975, on numerous occasions defendant provided plaintiff's wife with rides to work.

(4) In the winter of 1974, plaintiff's wife, in the company of her parents, participated with defendant in an afternoon of snow mobiling at a lake near Raton.

(5) On one occasion the defendant and plaintiff's wife were seen together at a restaurant in Raton for an extended period of time.

Another affidavit was filed by a person that stated:

(1) One wintery afternoon in late 1974 at a lake near Raton, defendant and plaintiff's wife departed from a social gathering and were alone for several minutes.

(2) On July 10, 1976, defendant and plaintiff's wife were at a dance in Maxwell, New Mexico, and were together at various social events surrounding and including the Raton Jaycees Rodeo of July 1976.

In *Birchfield v. Birchfield*, 29 N.M. 19, 22, 24, 217 P. 616, 618–19 (1923) Justice Bratton set forth the guidelines of a claim for alienation of affections:

> The loss of the society, companionship, fellowship, comfort, conjugal affections and support of the husband, when caused by any third person maliciously invading the hallowed precincts of the home, and without justification severing the ties which bind the husband and wife together, from which a separation flows, is tortious, and the person who does so may be required to respond in damages. *But the burden is upon the plaintiff to show that the opposite spouse did love and had af-*

*fection for him or her, as the case may be, and that the defendant maliciously caused the alienation thereof by direct interference.  . . .*

\* \* \* \* \* \*

Not only must there be proof of direct interference on the part of the defendant, which results in alienating the love and affection of plaintiff's spouse, but it must affirmatively appear that such interference proceeded from a malicious design. Even though there be interference, yet, if it does not arise from and is not prompted by malice, the case must fall, as such is a necessary ingredient of the tort. Malice, when used in this sense, does not mean that which proceeds from a mean, hateful or revengeful disposition, but may imply conduct from an ill-regulated mind, not sufficiently cautious before it occasions the injury. [Emphasis added.]

■ Defendant established two undisputed facts:

(1) that nothing of a "personal relationship" existed between defendant and plaintiff's wife prior to the divorce. "Personal relationship" means a relationship between the parties that related to such conduct in this private affair that induced plaintiff's wife to develop greater affection for defendant and loss of affection for plaintiff. In fact, it has been held that evidence of sexual intercourse between defendant and plaintiff's wife does not alone constitute proof that defendant was blameable or had the necessary willful intent necessary for imposition of liability in an action for alienation of affections. *Wheeler v. Fox*, 16 Ill.App.3d 1089, 307 N.E.2d 633 (1974). The fact of adultery is not a necessary element. The crucial issue is whether defendant was the "aggressor." *Trainor v. Deters*, 22 Ohio App.2d 135, 259 N.E.2d 131 (1969).

(2) Plaintiff repeatedly harassed his wife with physical assault, verbal abuse and molestation.

Nothing appears in plaintiff's complaint or affidavits that plaintiff's wife loved and had affection for him and that the defendant maliciously caused the alienation thereof by direct interference.

■ We look with disfavor on claims for damages based upon alienation of affections. It came to New Mexico in 1923 by way of the common law. Over a half century later, public policy declares that it is in the best interest of the people to abolish the remedy. If we had the power to do so, we would follow in the footsteps of *Wyman v. Wallace*, 15 Wash.App. 395, 549 P.2d 71 (1976). It abolished the common law remedy for alienation of affections. In concluding its opinion, the court said:

To us the action diminishes human dignity. It inflicts pain and humiliation upon the innocent, monetary damages are either inadequate or punitive, and the action does not prevent human misconduct itself. In our judgment, the interests which the action seeks to protect are not protected by its existence, and the harm it engenders far outweighs any reasons for its continuance. [549 P.2d at 74.]

Affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.