**SINGH, Appellant,**

v.

**SINGH, Appellee.**

[Cite as *Singh v. Singh* (1992), 81 Ohio App.3d 376.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60675.

Decided June 15, 1992.

378

*Forbes, Forbes & Teamor* and *Douglas L. Winston,* for appellant.

*McDonald, Hopkins, Burke & Haber* and *Thomas Schrader,* for appellee.

ANN MCMANAMON, Judge.

On June 27, 1986, Dr. Kuldeeph Singh placed the following advertisement in *"India Abroad,"* a periodical catering to persons of Indian nationality and/or descent:

"Gurshikh Tonk–Kshatrya (tailor) match for a beautiful, B.A. 26, 5′2″, slim girl. US immigrant, employed, briefly married before, issueless. Reply with photograph. F 3918, IA."

Dr. Singh was in effect, offering his sister-in-law Satinder Kaur for a negotiated marriage. Harbhajan Singh (no relation to Dr. Singh) responded to the advertisement and married Satinder Kaur "shortly thereafter."

The marriage was dissolved within three years and was followed by a lawsuit between the dissatisfied former husband and Dr. Singh. The dismiss-

al of Harbhajan Singh's complaint pursuant to a Civ.R. 12(B)(6) motion is the subject of this appeal.

Harbhajan Singh raises three assignments of error (see Appendix), challenging not only the dismissal of his complaint but also the denial of his motion to amend it. Upon review of the record, we affirm.

Harbhajan Singh's suit alleged fraud and intentional infliction of emotional distress. He claimed Dr. Singh fraudulently induced Harbhajan Singh to marry Satinder Kaur by failing to disclose certain material facts concerning her physical condition and that Dr. Singh joined Satinder Kaur in ejecting her husband from the marital residence, causing him emotional distress.

According to Harbhajan Singh, Dr. Singh fraudulently represented that Satinder Kaur's previous husband married her solely to gain American citizenship, and after doing so, left the marriage, and Dr. Singh knew but fraudulently failed to disclose (1) that Satinder Kaur was also Dr. Singh's patient and, in 1985, Dr. Singh performed surgery on her "for an incurable disease, which adversely impairs her ability to have normal sexual relations"; and (2) that this "incurable disease" had resulted in the failure of Satinder Kaur's first marriage.

Dr. Singh responded by filing a motion to dismiss or, in the alternative, a motion for summary judgment, with a request for sanctions and attorney fees. He essentially argued that Harbhajan Singh's claims constitute "amatory" actions which are barred by R.C. 2305.29. The court granted the motion to dismiss but overruled the motion for sanctions and attorney fees.

We will initially address the second assignment of error. In this assignment, Harbhajan Singh argues that the court erred in dismissing his complaint by holding that it comprises an obsolete "amatory" action.

When a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755. In order to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755.

R.C. 2305.29 provides:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or

older who is not incompetent, as defined in section 2111.01 of the Revised Code."

The trial court dismissed Harbhajan Singh's complaint on the basis that it constituted an "amatory action" and was barred by the statute. A review of the complaint, however, shows the statute to be inapplicable.

The code section initially addresses civil suits for breach of promise to marry. There is no argument that this case involves such a claim, nor do we find that one could rationally be made. Counsel for Dr. Singh, however, does propose that the claim sounds in alienation of affections and/or criminal conversation. We disagree.

■ An action for alienation of affections required proof that " 'the defendant wrongfully, maliciously and intentionally enticed, induced, persuaded and caused plaintiff's husband to lose his affections for * * * [his wife], and that defendant intended to bring about the alienation.' " *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 215, 527 N.E.2d 1235, 1242, fn. 7, quoting *Trainor v. Deters* (1969), 22 Ohio App.2d 135, 137, 51 O.O.2d 258, 259, 259 N.E.2d 131, 133. The complaint contains no such allegations.

■ Criminal conversation was a claim focused on the act of adultery as "the all-important element," distinguished from the mere alienation of a spouse's affections. *Pressnell*, 38 Ohio St.3d at 215, 527 N.E.2d at 1242, fn. 7. " 'The fundamental right violated by criminal conversation [was] that of exclusive sexual intercourse, * * * and * * * the cause of action [was] complete upon the allegation and proof of sexual intercourse between the defendant and the wife of plaintiff * * *.' " *Id.*, quoting *Baltrunas v. Baubles* (1926), 23 Ohio App. 104, 106, 154 N.E. 747, 747.

■ In the present case, the allegations in Harbhajan Singh's complaint relate neither to acts of adultery nor to the alienation of Harbhajan Singh's affections by Dr. Singh. Instead, the complaint involves the alleged nondisclosure of certain material facts concerning Satinder's alleged physical condition. Even under a liberal reading of the complaint, we do not find the claims disposable pursuant to R.C. 2305.29. Thus, we find the court erred in dismissing Harbhajan Singh's complaint on that basis.

We conclude, however, that such error was harmless since the court properly dismissed the complaint.

■ An appellate court will not reverse a correct judgment merely because the trial court assigned erroneous reasons as the basis of the judgment. *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 662. For this reason, the trial court's holding insofar as it relates to R.C. 2305.29 is harmless error.

The second assignment of error is overruled.

■ In his first assignment, Harbhajan Singh asserts the court erred in dismissing his complaint since it delineates a cause of action for fraud and intentional infliction of emotional distress.

Although the complaint is couched in terms of fraud and emotional distress, it patently stems from Dr. Singh's advertisement and the negotiations which offered his sister-in-law for marriage. Although other cultures may recognize the marketing of brides, we cannot respond to a demand that Ohio courts enforce or condone such activity. The Married Woman's Act of 1887, Am. H.B. No. 31 (84 Ohio Laws 132), effected a radical change in the rights of married women while removing most of their common-law disabilities. Married women were given equal rights with their husbands to contract, take, hold and dispose of property without their husband's consent, and to sue or be sued alone. The intent of the Act was patently to emancipate women and to place them on equal footing with men in respect to their rights and liabilities. *Liggett v. Liggett.* (1905), 3 Ohio N.P. (N.S.) 518.

From that date, women may not be considered the personal chattels of men, whether they are merchandised by relatives in magazine advertisements or otherwise. Persons who adhere to such customs are free to pursue them, but should they ultimately be dissatisfied with a wife so selected, we hold it is against the public policy of this state to treat these agreements as enforceable.

Further, Harbhajan Singh argues, in effect, that his wife was defective since she had an unnamed "incurable disease" which adversely impaired her ability to have normal sexual relations. Again, we hold, as a public policy, that this state cannot recognize a cause of action which treats female persons as goods and subjects others to suits if the women themselves are found unacceptable. Harbhajan Singh's attempt to craft a "defective-bride" cause of action by framing his complaint in terms of fraud and intentional infliction of emotional distress is unavailing. These claims are clearly premised on an alleged "defect" in Satinder Kaur which Dr. Singh allegedly did not disclose before the marriage. Such claims are against public policy and their dismissal was proper.

■ Assuming, *arguendo*, that Harbhajan Singh's claims for fraud and intentional infliction of emotional distress were actionable, they are, nevertheless, without merit.

In order to set forth a claim for fraud, a plaintiff must allege the following:

" '(a) a representation or, where there is a duty to disclose, concealment of a fact,

" '(b) which is material to the transaction at hand,

" '(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

" '(d) with the intent of misleading another into relying upon it,

" '(e) justifiable reliance upon the representation concealment, and

" '(f) a resulting injury proximately caused by the reliance.' " *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 169, 10 OBR 500, 501, 462 N.E.2d 407, 409, quoting *Friedland v. Lipman* (1980), 68 Ohio App.2d 255, 22 O.O.3d 422, 429 N.E.2d 456, paragraph one of syllabus.

Civ.R. 9(B) mandates that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  * * * "

The "circumstances constituting fraud" have been interpreted to mean that "the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud." *F. & J. Roofing Co. v. McGinley & Sons, Inc.* (1987), 35 Ohio App.3d 16, 17, 518 N.E.2d 1218, 1219.

Harbhajan Singh merely alleges that his former wife has an "incurable disease," the nature, name and effect of which remain unstated.  The complaint also contains no allegation that, even if Dr. Singh knew of the "disease," he concealed this information with the intent to mislead Harbhajan Singh.  It omits any specification of the nature of Harbhajan Singh's injuries after three years of marriage.  His claim for damages in this regard is based upon monies expended during the marriage and its dissolution as well as his "anxiety," "humiliation" and "indignation."  Thus, the plaintiff has not delineated a cause of action for fraud with sufficient particularity to survive a motion to dismiss.

In order to state a claim for intentional infliction of emotional distress, plaintiff was required to demonstrate:

"(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;  (2) that the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community,' Restatement of Torts 2d (1965) 73, Section 46, comment d;  (3) that the actor's actions were the proximate cause of plaintiff's psychic injury;  and (4) that the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it,' Restatement of Torts 2d 77, Section 46,

comment j." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 11 OBR 63, 64, 463 N.E.2d 98, 103.

Although Harbhajan Singh has alleged Dr. Singh "encouraged and abetted Satinder Kaur in expelling plaintiff from the couple's living quarters," he has not delineated any conduct on the part of Dr. Singh which could rationally be considered extreme or outrageous so as to support an action for emotional distress. We further note the complaint claims no unendurable injury, psychic or otherwise, proximately caused by his claimed expulsion. For these reasons, we conclude the trial court properly granted Dr. Singh's motion to dismiss for failure to state a claim.

Accordingly, the first assignment of error is overruled.

In his third assignment of error, Harbhajan Singh challenges the denial of his motion to amend.

Civ.R. 15(A) provides that an amendment to a pleading requiring leave of court "shall be freely given when justice so requires." See, also, *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377, paragraph one of syllabus. In *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269, 297 N.E.2d 113, 122, the Supreme Court observed:

"Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." See, also, *Holsman Elec. Sign Co. v. Kohn* (1986), 34 Ohio App.3d 53, 516 N.E.2d 1284.

The Supreme Court recently modified this standard in *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illuminating Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622, when it held:

"Where a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. (*Solowitch v. Bennett* [1982], 8 Ohio App.3d 115, 8 OBR 169, 456 N.E.2d 562, approved.)" *Id.* at syllabus.

Upon review of the proposed pleading, we find the complaint as amended also failed to set forth justiciable claims. The amendment merely substituted "lower back problems" for "incurable disease," which, in turn, allegedly impaired Satinder Kaur's ability to have normal sexual relations.

This allegation does not alter the public policy considerations we have previously set forth and the cause remains void for those reasons. Nor do the proposed allegations add particularity to the fraud and intentional infliction of emotional distress claims. We find that Harbhajan Singh has not made out a

*prima facie* showing to support his motion to file an amended complaint. See *Wilmington Steel, supra.*

The third assignment of error is overruled and the judgment of the trial court is affirmed.

On cross-appeal, defendant raises one assignment of error, arguing that the present appeal is frivolous pursuant to App.R. 23.

■ The trial court denied defendant's motion for attorney fees and sanctions, holding that the claim was not frivolous under R.C. 2323.51. Because R.C. 2305.29 has been hitherto unreviewed as it pertains to the kinds of claims brought in this suit, and because public policy in regard to the marketing of brides by relatives has not been previously stated, we find that the present appeal is not frivolous.

*Judgment affirmed.*

NAHRA, P.J., and KRUPANSKY, J., concur.

## APPENDIX

Appellant's assignments of error are:

### I

"Whether the trial court properly dismissed plaintiff's complaint because all amatory actions have been abolished pursuant to section 2305.29 of the Ohio Revised Code."

### II

"Whether the trial court properly dismissed plaintiff's complaint when plaintiff's own admission revealed that there was no basis for fraud or intentional infliction of emotional distress."

### III

"Whether the trial court properly, in the exercise of its sound discretion, did not grant plaintiff's motion to amend, particularly since the proposed amended complaint contained no substantive difference from the original complaint."