DECISION.
The plaintiff-appellant, Barry R. Belinky, individually and as guardian and next friend and sponsor of his wife, Diane M. Belinky, appeals from the order of the trial court granting summary judgment to the defendants-appellees, Drake Center, Inc., and Kendra Shearer, in a lawsuit that arose out of the center's decision to deny him overnight visits with his incompetent wife. Asserting claims for a violation of R.C. Chapter 3721, commonly referred to as the "nursing home patients' bill of rights," defamation, and intentional affliction of emotional distress, Belinky sought compensatory and punitive damages in the amount of one million dollars.
In his sole assignment of error challenging the grant of summary judgment, Belinky raises two issues for our review: first, whether the trial court's conclusion that Belinky had failed to offer any proof of actual damages was precluded by the decision of this court in a previous appeal; and, second, whether the trial court erred by applying the recently amended version of R.C. 3721.17(I) in violation of Section 28, Article II of the Ohio Constitution, which prohibits the legislature from applying retroactive laws. Because our negative answer to the first issue is dispositive, we affirm.
 I.
The basis of Belinky's argument on his first issue is that this court has previously ruled that the record contains evidence sufficient to prove the existence of some measure of actual damages. The argument is premised on our decision in Belinky v.Drake Center, Inc. (1996), 117 Ohio App.3d 497, 690 N.E.2d 1302. In that decision, we affirmed the trial court's grant of summary judgment on the claims of defamation and intentional infliction of emotional distress. However, we reversed the grant of summary judgment on the claim for a violation of R.C. Chapter 3721. We did so on two grounds: first, that a question of fact existed as to whether Drake had reasonable rules in effect that would have precluded Belinkey from visiting with his wife overnight; and, second, provided that there was a violation of Diane Belinky's rights, that punitive damages were available without a finding of malice under the previous version of R.C. 3721.17(I).
Although nowhere in the decision did we address the evidence of actual damages, Belinky argues that, by reversing the grant of summary judgment, we addressed the issue sub silentio, particularly in light of the fact that Drake and Shearer argued in their joint brief that the absence of actual damages was a further ground for affirming the trial court.
We do not find this argument controlling, however. Essentially, Belinky is arguing that our previous decision constitutes the law of the case. We disagree. First, we question the appropriateness of applying the law of the case to an issue not expressly addressed in our prior decision. Second, even assuming the appropriateness of applying the doctrine, we note that on remand the trial court allowed additional evidence on the issue of actual damages, including the deposition of Belinky's only proposed expert, Janet Manoogian. Therefore, the record for our review is now different than the one upon which the original appeal was based. Under these circumstances, the doctrine of the law of the case does not control.
As for the existence of actual damages, Belinky relies upon two pieces of evidence: first, his own testimony upon deposition that his wife "relaxes, becomes calmer and obviously enjoys" the experience of having him "cuddle" her during the night; and, second, the testimony of the couple's family psychologist, Jill Bley, that "encounters of closeness and affection would be nothing but beneficial" to him and his wife.
It is undisputed that Dianne Belinky suffered a cerebral hemorrhage that has rendered her incompetent. She is unable to communicate, and has, therefore, never requested the right to have her husband visit her overnight. Belinky admits that it is impossible to say that for the ten-month period that he sought and was denied once-a-week overnight visitation—eventually the parties reached a settlement on the visitation issue—his wife's medical condition suffered any detriment because of the denied visitation.
 As the trial court pointed out in its decision: Plaintiff's proposed expert, Janet Manoogian, testified that she had not reviewed the medical records in this case, had not visited the Drake Center, had not visited Mrs. Belinky, had not used any medical or scientific text or studies in reaching her opinions in this case and had not personally seen another similar request in her experience as a nursing director in long-term care facilities. * * * In fact, she testified her opinions in this case were formed on the basis of a television news account two years prior to her deposition. * * * Even assuming her testimony is admissible, Ms. Manoogian only testified that Mrs. Belinky could have done better had Barry Belinky's visitation request been granted. She admitted that she could not say that Diane Belinky's condition would have improved. * * * Thus, her testimony does not support any actual damages to Diane Belinky.
As for the testimony of Bley, the trial court noted that she had testified in her deposition that she had not been retained as an expert, and had visited Drake for the sole purpose of consoling Belinky. According to Bley, the visit was not professional in nature. As the trial court pointed out, "Dr. Bley did not examine Diane Belinky, did not review her care plan and did not speak with any of her care team." All Bley did, rather, was testify that generally cuddling is a comforting experience. She also conceded that Diane Belinky had not been deprived of touching or cuddling.
Given the deficiency in these, the only two pieces of evidence offered by Belinky to demonstrate a compensable injury, the trial court concluded that the Belinkys had presented no evidence of actual damages. Although we agree with this result, we consider it more precise to characterize the evidence Belinky has presented as simply too uncertain and speculative to support a claim of actual damage. As this court has previously noted, the general rule for the recovery of compensatory damages is that the "`injury and resulting damage must be shown with certainty and not be left to conjecture and speculation.'" Hall v. Gill (1995),108 Ohio App.3d 196, 206, 670 N.E.2d 503, 510, quoting Swartz v.Steele (1974), 42 Ohio App.2d 1, 5, 325 N.E.2d 910, 914. Here, there is simply no concrete evidence that, given her complicated medical condition, Diane Belinky suffered any injury as a result of not having her husband spend the night with her once a week. The only proof of this offered by Belinky is purely anecdotal, consisting of his own subjective impression and the statement of a nontreating, nonexamining psychologist that cuddling is generally beneficial. Without, however, some informed opinion by a neurologist or other treating physcian, there is simply no way for a jury to pass on the issue of whether Diane Belinky has suffered any injury without entering into the realm of imagination.
This court has previously held that R.C. Chapter 3721 does not provide for an award of nominal damages. Silver Circle, Inc.v. Thomas (Nov. 29, 1995), Hamilton App. Nos. C-950146 and C-950166, unreported. Further, it is, as the trial court pointed out, "well established Ohio law that absent a showing of actual or nominal damages, punitive damages are not recoverable." Shimolav. Nationwide Ins. Co. (1986), 25 Ohio St.3d 84, 495 N.E.2d 391;Bishop v. Grdina (1985), 20 Ohio St.3d 26, 485 N.E.2d 704.
 II.
Accordingly, we hold that, given the uncertain and speculative nature of the evidence submitted by Belinky, the trial court correctly granted summary judgment because the record did not contain sufficient evidence of actual damages to go to the jury. Because Belinky failed to offer sufficient evidence of actual damages, and because there is no statutory authorization for nominal damages, an award of punitive damages was precluded as a matter of law. Hence, because it has been rendered moot, we do not reach the second issue presented by Belinky concerning the retroactive application of amended R.C. 3721.17(I). The judgment below is affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.