OPINION
Appellant, Michael A. Anderson, appeals from a decision of the Franklin County Court of Common Pleas awarding appellee, Patrick D. Cahill, $25,000 in damages in a personal injury action.
The parties were involved in a traffic accident on April 28, 1995. Appellee was turning left at the intersection of Kenny Road and McCoy Road in Upper Arlington, Ohio, when appellant also attempted to make a left turn to go around appellee. Appellee stopped his car in the road, and appellant's car struck appellee's car in the rear. Appellee exited his car and approached appellant, and an altercation took place. Appellant struck appellee in the head several times with a large flashlight. Appellee fell to the ground, was bleeding from the head, and suffered a momentary loss of consciousness. He was transported to the hospital where he required stitches and an overnight stay. Appellee suffered head pain and was given pain medication. He was unable to work in his concrete business for two weeks after the incident.
Appellee, his wife and children filed a complaint on April 16, 1996, against appellant alleging negligence, assault, loss of consortium and infliction of emotional distress, and seeking over one million dollars in damages. Appellant failed to file an answer, and appellee moved for a default judgment on June 13, 1996. The trial court granted the default judgment motion in a decision filed June 28, 1996, and set the matter for a damages hearing. Appellant filed a motion to set aside the default judgment, but the trial court denied this motion. The damages hearing was continued numerous times. After a bench trial, the trial court issued a decision on June 11, 1999, awarding appellee $25,000 in damages. Appellant filed a timely notice of appeal.
On appeal, appellant raises four assignments of error:
Assignment Of Error No. 1:
 WHERE THE TRIAL COURT FINDS THAT THERE IS NO CREDIBLE TESTIMONY TO SUPPORT CLAIMS FOR ANY LOST WAGES OR OTHER COMPENSATION, IT MAY NOT ENTER JUDGMENT AGAINST A DEFENDANT FOR LOSS OF WAGES.
Assignment Of Error No. 2:
 WHERE THE TRIAL COURT HAS REFUSED TO ADMIT ANY EVIDENCE OF MEDICAL BILLS, IT MAY NOT ENTER JUDGMENT AGAINST THE DEFENDANT FOR ANY UNPAID MEDICAL BILLS.
Assignment Of Error No. 3:
 WHERE THE PLAINTIFF HAS FAILED TO PRESENT EXPERT TESTIMONY ON THE ISSUE OF THE PROXIMATE CAUSE BETWEEN THE CONDUCT OF THE DEFENDANT AND ANY INJURY, NO DAMAGES FOR THE INJURY OR PAIN AND SUFFERING THEREFROM MAY BE AWARDED.
Assignment Of Error No. 4:
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE PLAINTIFF'S TESTIMONY HAS BEEN FOUND TO BE NOT CREDIBLE BY THE COURT, THE COURT MAY NOT RELY ON THE SAME TESTIMONY TO GRANT AN AWARD OF DAMAGES FOR ANY DAMAGES BASED ON THEIR [sic] TESTIMONY.
We address appellant's four assignments of error together. Essentially, appellant argues that the trial court erred by awarding appellee damages and that the damages award is against the manifest weight of the evidence. We agree.
The Supreme Court of Ohio has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Thus, this court cannot reverse the damages award if there is competent, credible evidence in the record supporting the award.
In its decision, the trial court found that appellant inflicted appellee's injuries and was not justified in doing so. The trial court found that:
 No credible testimony was submitted to the court to establish the claims for loss of consortium, the loss of children's consortium, or for any lost wages or other compensation. It appears the matter of the hospital bills has been settled between Community Mutual and defendant; therefore, the court considers the other incidental bills of plaintiff and his pain and suffering.
However, the trial court's damages award appears to be inconsistent with its findings. Despite finding no credible testimony supporting lost wages or other compensation, finding that the hospital bills were settled, and indicating that it would only consider incidental expenses and pain and suffering, the trial court held that, "[f]or the expenses of repairs to his automobile, those medical expenses not covered by the settlement and loss of wages and inconvenience during the 2-week recovery period, and for the pain and suffering, this court finds in favor of the plaintiff in the amount of $25,000." The trial court did not specify what portion of the damages award was attributed to each of the bases for recovery.
Appellant argues that the trial court erred by awarding damages for lost wages since it found no credible testimony supporting this claim, that it erred in awarding the cost of medical bills since it excluded all evidence of medical bills, and that it erred by awarding damages for pain and suffering since appellee failed to present expert testimony regarding proximate cause between appellant's conduct and appellee's injuries. Appellee counters by arguing that the damages award was based on appellee's incidental expenses and pain and suffering, that an award of damages for pain and suffering is within the discretion of the trial court and does not require expert testimony to establish, and that there was evidence presented supporting the award.
In Corwin v. St. Anthony Med. Ctr. (1992), 80 Ohio App.3d 836,840-841, this court discussed what a party must prove to be awarded damages in a tort action:
 In a tort action, the measure of damages is normally that which will compensate and make whole the injured party. Pryor v. Weber (1970), 23 Ohio St.2d 104, 52 O.O.2d 395, 263 N.E.2d 235. Where the permanency of an injury is obvious, such as the loss of an arm, leg or other member, the jury may draw its own conclusions as to the measure of damages; however, where an injury is not obvious, there must be expert evidence as to the damage sustained, the probability of future pain and suffering or the permanency of the injury. See Roberts v. Mut. Mfg. Supply Co. (1984), 16 Ohio App.3d 324, 325, 16 OBR 355, 357, 475 N.E.2d 797, 799, citing Cusumano v. Pepsi-Cola Bottling Co. (1967), 9 Ohio App.2d 105, 120, 38 O.O.2d 132, 142, 223 N.E.2d 477, 487; and Day v. Gulley (1963), 175 Ohio St. 83, 86, 23 O.O.2d 382, 384, 191 N.E.2d 732, 734. In any event, "[t]he damages that result from an alleged wrong must be shown with reasonable certainty, and cannot be based upon mere speculation or conjecture." Wagenheim v. Alexander Grant Co. (1983), 19 Ohio App.3d 7, 17, 19
OBR 71, 82, 482 N.E.2d 955, 967; Swartz v. Steele
(1974), 42 Ohio App.2d 1, 5, 71 O.O.2d 46, 48, 325 N.E.2d 910, 913.
Additionally, this court has held that, "[i]n order for the medical bills to be the subject of compensatory damages, plaintiffs were required to establish a causal connection between defendant's negligence and the expenses, and expert testimony was required to establish the necessity of the treatment which resulted in the billings." Muncy v. Jones (Jan. 19, 1984), Franklin App. No. 83AP-562, unreported.
The trial court found, based on the testimony, that appellant caused appellee's injuries. Appellant admitted to striking appellee on the head with a flashlight. There was testimony from appellee and his wife that he suffered pain requiring pain medication, that he had difficulty sleeping, that he incurred medical expenses, and that he was not being treated for any other condition except these injuries. However, no expert testimony was presented to indicate the diagnosis, the extent of appellee's injuries, the permanence of the injury, any future repercussions, such as future pain and suffering, or that the treatment was necessary. Additionally, the trial court excluded from evidence all of appellee's medical bills, and no evidence was presented indicating what bills were not covered by the settlement. Thus, there was no evidence in the record that could serve as the basis of an award of medical bills to appellee.
With regard to lost wages, the trial court specifically found that no credible testimony was presented to establish a claim "for any lost wages or other compensation." However, the trial court awarded damages for "loss of wages and inconvenience during the 2-week recovery period." Although appellee testified that his business lost between $650,000 and $800,000 due to his injuries, he indicated on cross-examination that his annual income was between $35,000 and $70,000. Without any credible evidence, the award of damages for lost wages was speculative.
The trial court also awarded appellee damages for pain and suffering. This court has recognized that an award of damages for pain and suffering is usually within the province of the trier of fact because there is no objective standard to determine the amount, unless the amount is so excessive that it appears to have been the result of passion or prejudice, or where it is manifestly against the weight of the evidence. Carter v. Simpson (1984),16 Ohio App.3d 420, 423. Both appellee and his wife testified to the extent of the pain and suffering that appellee experienced after his injuries, and this testimony was sufficient for the trial court to award damages for pain and suffering. However, the trial court's award must be limited to the two-week period described in the testimony, given that appellee failed to produce any expert testimony that he would continue to experience any pain or lingering effects from his injuries in the future. Because the trial court failed to delineate what portion of the damages award was for appellee's pain and suffering for the two-week period before he returned to work, this court lacks a reasonable basis to review the award in light of the evidence presented.
The only other basis for recovery for which there was any credible evidence in the record was the incidental expense of $328 for appellee's car repairs. Although the trial court excluded the actual bill for the repairs, appellee testified that he spent $328 to repair his car. This amount was undisputed by appellant and, as such, was sufficient evidence for an award in that amount.
We find that the record is lacking competent, credible evidence that would support the damages award; thus, appellee failed to meet his burden of proving damages. Therefore, we conclude that the trial court's award of damages is against the manifest weight of the evidence. Consequently, appellant's four assignments of error are sustained, and the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
DESHLER and LAZARUS, JJ., concur.