This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38249**

**CHRISTOBAL I. GUTIERREZ,**

Plaintiff-Appellant,

v.

**MICHAEL EUGENE SHUMATE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF HARDING COUNTY**
**Albert J. Mitchell Jr., District Judge**

Christobal I. Gutierrez
Solano, NM

Pro Se Appellant

Kalm Law Firm, P.C.
Thomas L. Kalm
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiff appeals the district court's order granting Defendant's Rule 1-012(B)(6) NMRA motion to dismiss and dismissing Plaintiff's complaint. This Court issued a notice of proposed disposition proposing to affirm because the facts as alleged by Plaintiff do not support recovery for alienation of affection pursuant to New Mexico law. [CN 2-3] Plaintiff has filed a memorandum in opposition to this Court's notice of proposed disposition. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff continues to assert the following facts to support his contention that the district court should not have granted the motion to dismiss: "Plaintiff was still married to his ex-wife at the time that . . . Defendant was courting her[,]"; "[t]here is evidence that shows that their affair was very much alive and thriving"; and, "[b]ecause of their affair, Plaintiff's ex-wife filed for divorce against . . . Plaintiff." [MIO 2] "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** As we noted in the notice of proposed disposition, the facts as alleged by Plaintiff in his docketing statement are insufficient to demonstrate an entitlement to relief under *Thompson v. Chapman*, 1979-NMCA-041, 93 N.M. 356, 600 P.2d 302. Plaintiff asserts additional facts in his memorandum in opposition regarding the affect Plaintiff's divorce had on his family. [MIO 2] However, given that the facts as asserted in Plaintiff's memorandum in opposition also fail to demonstrate that Defendant's actions were prompted by malice, Plaintiff has raised no new facts that would require reversal. *See id.* ¶ 7.

**{4}** To the extent Plaintiff asserts in his memorandum in opposition that "[o]ther jurisdictions, including the State of New Mexico allow a person to sue for alienation of affection[,]" including "North Carolina, Hawaii, Mississippi, South Dakota, and Utah" [MIO 2], Plaintiff has failed to provide actual citations to the alleged authority supporting his position, and without citations, we are unable to determine if such authority applies to this case. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, as we set out in our notice of proposed disposition, New Mexico law is clear that it does not permit recovery on the facts as asserted by Plaintiff.

**{5}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm the district court's order.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**